Donald J. Runnals
9 Middle Road
Lafayette, California state



**FILED**
NOV 14 2024
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re
Donald James Runnals

Petitioner/Debtor.

Chapter 13 Case No. 24-41387-CN 13

**DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY, #127583, Anticipated Motion to Dismiss Chapter 13 Case and other Motions Pursuant to the doctrine of Necessity**

TO THE HONORABLE WILLIAM J. LAFFERTY AND ALL PARTIES OF INTEREST:

COMES NOW the Debtor, Donald James Runnals, who relies upon **Haines v. Kerner**, (1972), 404 U.S. 519 in the above-captioned matter, **to give notice** that Debtor, pursuant to **Haines v. Kerner**, hereby serves this courtesy notice that Debtor Opposes CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, #127583, anticipated Motion to Dismiss Chapter 13 Case and other related misc. motions pursuant to the Doctrine of Necessity as follows:

### I  INTRODUCTION

1.  That Debtor contends that the Motion Of Chapter 13 Trustee, Martha G. Bronitsky, to Dismiss Chapter 13 Case and other related misc. motions are unjust for a number of reasons most of which constitute a circumvention of the inherent rights of Debtor guaranteed by the Constitutions of the United States and California state as they

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions     Page 1 of 13

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 1 of 13

pertain to equal protection under the laws of currency, consideration and tender as well as prohibition of involuntary servitude as more fully detailed in herein.

## II  STATEMENT OF FACTS

2.  That Martha G. Bronitsky in her anticipated motion to dismiss Debtor's Chapter 13 petition is based upon several allegations:

> "(6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

> Facts: According to Trustee's hypothetical liquidation analysis, general unsecured creditors would receive a higher dividend in Chapter 7. Trustee estimates a minimum dividend of 100% is necessary for the plan to comply with section 1325(a)(4).

> (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

> Facts: Net income on Schedule J of $619 is not sufficient to pay a plan payment.

> **(15(a)) Other: Taxes**

> Facts: Provide a copy of the Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax returns was filed. [11 U.S.C. section 521(e)(2)(i)]. Failure to provide a copy to the Trustee no later than 7 days prior to the Meeting of Creditors may result in a request for dismissal or conversion of this case.

> **(15(b)) Other: Incomplete and/or inaccurate disclosures**

> Facts: Schedule A/B No. 35 lists **IPN** PHH (1ST) AND PHL (2ND) in the amount of $1,172,923, which appear to be deeds of trust secured by Debtor's residence and are debts rather than assets. PHH and Planet Home Lending should be reclassified from Schedule E/F to Schedule D. Schedule I needs to check the employment status of Debtor's non-filing spouse. The Voluntary Petition lists Debtor's business Concept Builders but no other information is listed in the Schedules regarding the business. Statement of Financial Affairs No. 28 is unanswered. 122C-1 commitment period is blank.

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions                Page 2 of 13

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 2 of 13

(16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts: The plan does not propose a plan payment, plan term, or payment to any creditors. Attachments A, B, and C were filed even though no creditors are provided for in the plan.

(19) Other: Pro Per Declaration, Pay Advices, Serve Plan

Facts: Debtor has yet to provide the Trustee copies of Payment advices/paystubs and/or Certification pursuant to General Order 32. Debtor has yet for provide Pro Per Declaration. The Plan needs to be served on 28 day's notice and opportunity to object.

WHEREFORE, the Trustee requests:
That the Trustee's objection to confirmation of the plan be sustained."

3. That Bronitsky a "legally trained" jurist, has the burden to clarify for Debtor (one not legally trained) what constitutes "payment" under California law being demanded in her presentments to Debtor so that Debtor may be able to comply with her demands.

4. That Debtor as an American is guaranteed the right to equal protection under the laws of currency, consideration and tender as well the right to the full due process of law.

5. That Debtor is concerned that Chapter 13 Trustee is attempting **to rush Debtor to judgment** without Debtor being allowed full disclosure of Bronitsky's demands and substantiated creditors' purported claims.

### III  ARGUMENT

6. That Debtor disputes the tenor of Bronitsky's anticipated motion/s suggesting that Debtor has engaged in apparent unethical tactics that would warrant a dismissal of the Chapter 13 Bankruptcy Petition without just cause.

7. That Bronitsky has assumed that the purported Creditors' who filed Form 410 Proof of Claims can produce certified evidence of an actual outstanding monetary obligation owned to them by Debtor without verification of an actual delivery of a thing of value pursuant to the mandate of Civil Code § 1478 by said Creditors to Debtor that

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions          Page 3 of 13

Case: 24-41387   Doc# 28   Filed: 11/14/24   Entered: 11/14/24 14:53:23   Page 3 of 13

would establish said Creditors standing to claim the status of Creditors in this instant petition.

8. That Debtor is not in receipt of any admissible evidence filed of record in this instant petition of any purported creditor's actual delivery of a thing of value in the lawful money of the United States pursuant to the mandate of California Corporation Code §107 which controls the issue of consideration, currency, and tender of money in California and believes that none exist.

9. That Debtor maintains that each corporation that has appeared in this instant matter as a purported creditor is duly bound by and subject to the specific performance provisions of California Corporation Code in general and in this instant particular dealing with money is bound by Corp Code §107, Civil Code §1478, or suffer the penalties of Penal Code § 648 which each code section provides in pertinent part that:

> **California Corporation Code § 107** No corporation, social purpose corporation, association, or individual shall issue or put in circulation, **as money, anything but the lawful money of the United States.** Emp added **bold** mine

> **Civil Code § 1478** Performance of an obligation for **the delivery of money only, is called payment.** Emp added **bold** mine

> **Penal Code § 648** Every person who makes, issues, or puts in circulation any bill, check, ticket, certificate, **promissory note**, or the paper of any bank, **to circulate as money**, except as authorized by the laws of the United States, for the first offense, **is guilty of a misdemeanor, and for each and every subsequent offense, is guilty of felony.** Emp added **bold** mine

All the above laws are consistent with, bound to and point to:

> **Title 12 U.S.C. § 411. Issuance to reserve banks; nature of obligation; redemption Federal reserve notes**, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. **They shall be redeemed in lawful money on demand** at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank. Emp added **bold** mine

10. That the above referenced statutes are controlled by the mandate of the federal injunction and requirement of I, Section 10, Clause 1 of the American Constitution as it

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions      Page 4 of 13

Case: 24-41387   Doc# 28   Filed: 11/14/24   Entered: 11/14/24 14:53:23   Page 4 of 13

pertains to the subject of tender of obligations in payment of debt, to wit:

> No State shall. . .make anything but gold and silver coin a tender in payment of debts;

11. That the foregoing provision of the supreme Law of the Land is binding upon California as well as the rest of the American states of the American Confederacy now called Union as a matter of law. For any corporation to conduct its business pursuits in one of the states of the Union must conduct such pursuits in a medium of exchange established by the supreme Law of the Land. Thus any corporation conducting its business pursuits within the exterior territorial limits of California outside of a federal enclave (area) must comply with the above-cited provisions of law without fail.

12. That in good faith Bronitsky has the heavy burden of proof to produce evidence before this honorable court and Debtor that each purported creditor's loan of money was in comportment with Corp. Code 107 and other provisions of law cited herein.

13. That it is clear to Debtor as one who is not "trained in the law" that the Debtor seeks from Bronitsky instructive relief in regard to exactly how Debtor can specifically comply with the demands of the Trustee or this court without violating any monetary law whether it be state or federal. In light of Public Law 73-10, Chap 48, 48 Stat 112 and **House Joint Resolution 192 of June 5, 1933** which suspended the gold standard and abrogated the tender clause at the federal level. The Debtor was and is without direction as to how to proceed in this matter given the fact that said **HJR 192** applies only at the federal level and yet California is still bound by Article I, Sec. 10, Clause 1.

14. That Bronitsky being legally trained knew or should have known of the fact that the Honorable David F. Levi, United States District Court Judge for the Eastern District of California on October 12th, A.D. 1995 in CIV-S-1170 DFL GGH issued a final order in the case of *DeLaRosa v. Agents for I.M.F., IRS, et al.* which states on page 5, beginning at line 19: ***"...Article I, Section 10, clause 1 prohibits the States from making anything but gold and silver coin a tender in payment of debts...".*** Debtor respectfully submits that this decision by the federal court in the Eastern District should serve as persuasive precedent and a model for Bronitsky and this court in its determination on the subject of Debtor's good faith effort to obtain full disclosure

**DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions**      Page 5 of 13

Case: 24-41387   Doc# 28   Filed: 11/14/24   Entered: 11/14/24 14:53:23   Page 5 of 13

pursuant to TILA and RESPA of the specific medium of exchange that each purported creditor "delivered" (CC § 1478) to Debtor prior to Debtor's execution of said promissory note/s in light of the federal injunction and requirement of Article I, Section 10, Clause 1 supra and supporting federal and state controlling laws.

15.     That since Bronitsky apparently relies heavily upon a machine created promissory notes filed of record that does not contain the DNA of Debtor in support of the **Form 410 Proof of Claim** of the various purported creditors, Bronitsky has a heavy burden of proof to bring before the court evidence of said creditors' actual delivery of lawful money of the United States in each loan transaction in light of the fact that Debtor has never executed said machine created promissory notes. Further Debtor has been informed, therefore believes and further alleges that there is no lawful money of the United States in current general circulation, given the fact that the current issuance of Federal Reserve Notes no longer contain on their face the verbiage stated in Title 12 U.S.C. § 411 supra, to wit:

> **"They shall be redeemed in lawful money on demand** at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank"

16.     That Debtor has further been informed that the Internal Revenue Code addressing **worthless securities** at **§ 165(g)(2)(C)** clearly defines **(2) Security defined**

> For purposes of this subsection, the term "**security**" means-
> (A) a share of stock in a corporation;
> (B) a right to subscribe for, or to receive, a share of stock in a corporation; or
> **(C) a bond, debenture, note, or certificate, or other evidence of indebtedness,** issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form.  Emp added **bold** mine

And further addressing debt instruments at IRC **1275(a)(1)(A)**

> **§1275. Other definitions and special rules**
> **(a) Definitions**
> For purposes of this subpart-
> **(1) Debt instrument**
> **(A) In general**
> Except as provided in subparagraph (B), the term "**debt instrument**" means a **bond**, debenture, *note,* or **certificate or other evidence of indebtedness**.
>                                     Emp added **bold** mine

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions            Page 6 of 13

Case: 24-41387   Doc# 28   Filed: 11/14/24   Entered: 11/14/24 14:53:23   Page 6 of 13

17. That from all the foregoing it is clear to Debtor that a worthless security/debt instrument have no intrinsic value that can be employed to comply with the requirement of a valuable consideration in a loan agreement by any alleged creditor in comportment with the federal injunction and requirement of Article I, Section 10, Clause 1 supra as a matter of law. It is well settled law and memorialized in the Maxims of Jurisprudence whether Brooms or Wingates' Maxim of Law contained in the following sources of law:

1. <u>Bouvier's Law Dictionary</u>, by John Bouvier, (1856)
2. <u>Legal Maxims</u>, by Broom and Bouvier, (1856)
3. <u>A Dictionary of Law</u>, by William C. Anderson, (1893)
4. <u>Black's Law Dictionary</u>, by Henry Campell Black, (3rd, 4th, 5th, and 6th Editions, 1933-1990)
5. <u>Maxims of Law</u>, by Charles A. Weisman, (1990)

The foregoing is important to this matter because the purported claims of creditors Debtor maintains are purely grounded in the maxim of law that defines Nudum Pactum agreements which are defined thusly:

**Nudum pactum**

In contract law, **nudum pactum** refers to **<u>a legally unenforceable agreement or promise</u>**. This Latin phrase translates to "naked agreement" or "bare contract," **<u>emphasizing the absence of any consideration or reciprocal obligation</u>**.

**Key Characteristics**

- A nudum pactum is **<u>a promise or undertaking without any consideration or quid pro quo</u>**.
- It lacks the essential element of consideration, making it invalid and unenforceable.

18. Given the foregoing truth and to the shock of Debtor, Debtor is persuaded to believe that beginning from Debtor's birth, all the days that Debtor has lived on Earth, all

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions    Page 7 of 13

Case: 24-41387   Doc# 28   Filed: 11/14/24   Entered: 11/14/24 14:53:23   Page 7 of 13

that Debtor and the rest of us has ever received from labor or other services rendered were gross receipts of worthless securities/debt instruments. This is unconscionable.

19. That neither the Internal Revenue Code nor the Revenue & Taxation Code defines *"money*," but the courts have concluded that **it does not embrace** bonds, debentures, **notes** or **other evidence of indebtedness**. *Knox v. Lee*, 12 Wall 552, *Bank of N.Y. v. New York County*, 7 Wall 26.

20. That the United States Supreme Court has held that debts that are not redeemable are valueless. *Ontario Bank v. Lighbody*, 3 Wend. 101, *Eckart v. Burnet*, 283 US 140, *Helvering v. Price*, 309 US 409, *Gregory v. Helvering*, 293 US 465, *Putnam v. Commissioner*, 352 U.S. 82 (1956) *Williams v. Commissioner, (1977) 429 U.S. 569.*

21. That debt instruments like Federal Reserve Notes which lack the ability of redemption cannot form the basis of a tax obligation under the IRC or R&TC due to the inherent diminished fair market value and irredeemable nature of said debt instruments in light of IRC § § § 1(f)(3), (4), (5); 63 (c) (4), R&TC §§ 17041(h), 18501(c) and HJR 192 supra.

22. That the U.S. Supreme Court in *Williams v. Commissioner* supra, held that a debt cannot be taxed as income because a debt is something that may never be paid.

23. That Federal Reserve Notes meet the description and definition of "note" as defined in the IRC § 1275 as evidence of indebtedness and "worthless security" as defined in IRC § 165(g), see also R&TC § 19312.

24. That if **Federal Reserve Notes are by definition worthless securities** and cannot form the basis by which to measure for taxable income, neither can they form the basis for a consideration of lawful money, especially so since they no longer are redeemable in lawful money of the United States.

25. That in light of the remedy provision of **HJR 192 of June 5, 1933** and the guarantee of equal protection under the laws of consideration, currency and tender contained in the Fifth and Fourteenth Amendments that Debtor respectfully request the

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions　　　　　Page 8 of 13

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 8 of 13

honorable court to take mandatory judicial notice of Debtor's constitutionally guaranteed right to discharge any outstanding debt by asserting said remedy provided in said HJR 192 supra as amended and declared in the Congressional Records debating the passage of HJR 192 to a full and complete discharge of all monetary claims, debts and fees pertaining to this instant matter, dollar for dollars (promissory note for promissory note) or other **in like kind** medium of exchange consideration, currency and tender in the interest of fundamental fairness, imperative justice and the full due process of law. The foregoing laws, facts and evidence formed the basis for Debor's tender of the referenced **IPN** draft cited by Bronitsky in her "Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan - **(15(b)) Other: Incomplete and/or inaccurate disclosures.**"

26. That Debtor reminds both Bronitsky and the honorable court pursuant to their sworn oaths of office to support and defend the Constitutions of the United States and State of California, that Peonage and involuntary servitude are expressly prohibited under the Thirteenth Amendment and R. S. §1990 [42 U.S.C. § 1994] **Clyatt v United States** (1905) 197 US 207, 49 L Ed 726, 25 S Ct 429; **Bailey v Alabama** (1911) 219 US 219, 55 L Ed 191, 31 S Ct 145; **United States v Reynolds** (1914) 235 US 133, 59 L Ed 162, 35 S Ct 86; **Taylor v Georgia** (1942) 315 US 25, 86 L Ed 615, 62 S Ct 415 as well as California Constitution at Article I, Section 6 and the court is duly notice of same.

27. That in light of all the foregoing, Bronitsky's anticipated motion/s is/are disingenuous and evidences a violation of FRCP Rule 11(b), (c) requirement to:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party **certifies** that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:
> **(1) it is not being presented for any improper purpose, such as to harass,** cause unnecessary delay, or needlessly increase the cost of litigation;

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions                                Page 9 of 13

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 9 of 13

(2) **the claims**, defenses, and other legal contentions <u>**are warranted by existing law**</u> or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(c) Sanctions                                    emphasis added **bold** mine

28.     That the Truth in Lending Act was passed to prevent unsophisticated consumers from being misled as to total cost of financing by so-called lenders. That the Truth in Lending Act is strictly a liability statute liberally construed in favor of consumers.

29.     That Regulation Z - 12 CFR § 226.17(c)(1) and RESPA - Title 12 U.S.C. § 2605(e) require <u>**full disclosure**</u> of all the terms and conditions of loan agreement.

30.     That despite all the foregoing, Debtor maintains that each purported creditor clearly deprived Debtor of the <u>**right to full disclosure**</u> to know what specific medium of exchange of each purported loan of money by said creditors was expressed in terms of, thus depriving Debtor to the full disclosure of everything pertaining to the subject loan of money. Clearly a willful violation of TILA, Regulation Z - 12 CFR § 226.17(c)(1) and RESPA - Title 12 U.S.C. § 2605(e) among other federal laws as well as California disclosure laws and California Homeowners Bill of Rights that protect the consumer.

31.     That in the interest of justice, fundamental fairness and due process of law, the only way Debtor and the Court can be sure of whether or not each purported creditor is in fact a creditor is for each purported creditor pertaining to said promissory notes be compelled to fully disclose what specific medium of exchange for each loan of money was expressed in terms of. This is probative, just and proper. If not, then for pity sake, why not in light of the disclosure laws cited herein?

32.     That in the interest of justice, what would Bronitsky have to hide from Debtor and the Court regarding full disclosure of each element pertaining to said promissory notes? Again, Debtor is only concerned with getting to the truth of this matter. Debtor is seriously concerned about this matter for if as Debtor suspects, that each purported creditor never in fact delivered a thing of value to Debtor in the original transactions and yet purported creditor is still contending it/they has/have the right to demand monthly payments or foreclose on the subject property. What we are really dealing here with is a willful violation of Debtor's rights guaranteed under both the Federal and state

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions                    Page **10** of **13**

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 10 of 13

constitutions as they pertain to equal protection of the laws of consideration, currency and tender guaranteed under Amendments Five and Fourteen and Article I, Section 7 of California Constitution as well as surreptitiously being compelled into involuntary servitude in willful violation of the Thirteenth Amendment to the supreme Law of the land and Article I, Section 6 of the California Constitution by forcing involuntary servitude upon Debtor under the pretense and pretext of a lawful contractual consideration. Such act is way beyond ultra vires, we are talking about seditious conspiracy if not outright treason to the Constitution. **Again, Debtor only seeks the truth!**

> Surely it was not intended by any act of Congress that officers of a national bank should be clothed with the power to cheat and defraud its patrons. National banks are organized, and their business prosecuted for private gain, and we can conceive of no reason why the officers of such banks should be exempt from the penalties prescribed for fraudulent banking." ***Easton vs. Iowa***, 188 U.S. 220 (1903)

33. That pursuant to FRCP Rule 11(b), (c) clearly Bronitsky as a duly legally trained jurist apparently does not see anything wrong in her role as Chapter 13 Trustee representing the interest of her creditors' double dipping. Bronitsky apparently sees nothing wrong with said creditors' unjust enrichment by involuntary servitude surreptitiously imposed upon Debtor. Wow! Just how does Bronitsky and others of the legal profession sleep at night? Debtor cannot be the only sucker that said creditors and perhaps other so-called lending institutions economically rape and pillage as a normal routine business model. Imagine fraud and deceit as a business model. Wow. As a soldier I served my country faithfully and deserved better that this! Apparently Bronitsky's purported client thinks that their paper and ink is the exact equivalent of my anticipated thirty (30) years of sweat equity of their sadistic economic scheme. What economic interest did Bronitsky's clients commit in the transaction beyond said paper and ink? What economic detriment can Bronitsky's clients demonstrate in a fair hearing of full disclosure? Will Bronitsky answer my questions? This is beyond evil, it is unconscionable and legally unenforceable as a matter of law! Nudum Pactum supra.

34. That undoubtedly, it does appear that Bronitsky and her purported clients expect this court to sanction their apparent criminal enterprise of involuntary servitude in willful

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions    Page 11 of 13

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 11 of 13

violation of the supreme Law of the land, the consideration, currency and tender laws and guaranteed right to equal protection of the law enacted by Congress with impunity.

35. That Debtor here and now ask Bronitsky, what specific medium of exchange were said creditors' appearing in this instant matter, purported loan/s expressed in terms of can Bronitsky produce to support Bronitsky's anticipated motion/s to dismiss, if Bronitsky knows? If you do not know, why not? You are talking about removing an American veteran of war from his homestead and his bride of 35 plus years who is currently medically infirmed. We deserve better than that. Again, **Debtor is only interested in the truth!**

36. That Debtor in good faith files concurrently with this opposition an Affidavit of Impecuniosity in support of this opposition.

## CONCLUSION

37. That in light of all the foregoing, Debtor believes the CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, anticipated Motion to Dismiss Chapter 13 Case and other motions must be denied/ dismissed with prejudice in the interest of Debtor's rights constitutionally protection, fundamental justice and due process of law.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct to my current knowledge, understanding, belief and complete and not meant to mislead anyone.

Executed on November 14, 2024    By: _____

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions                Page 12 of 13

Case: 24-41387    Doc# 28    Filed: 11/14/24    Entered: 11/14/24 14:53:23    Page 12 of 13

Donald J. Runnals
9 Middle Road
Lafayette, California state

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re                                               Chapter 13 Case No. 24-41387-CN 13
Donald James Runnals

              Petitioner/Debtor.          Declaration of Service

_____/

I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On November 14, A.D. 2024 I served by U.S. Mail a true copy of **DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions** in the UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA to:

| | |
|---|---|
| Martha G. Bonitsky | PHH Mortgage Corporation |
| Office of U.S. Trustee | Bankruptcy Department |
| P.O. Box 5004 | P.O. Box 24605 |
| Hayward, CA 94540 | West Palm Beach, FL 33416 |

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the addresses herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 11/14/2024        By: _____

DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY's, Anticipated Motion to Dismiss Chapter 13 Case and other Motions    Page 13 of 13

Case: 24-41387   Doc# 28   Filed: 11/14/24   Entered: 11/14/24 14:53:23   Page 13 of 13